J-S30018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| RICARDO GATES | |
| Appellant | No. 1818 MDA 2016 |

Appeal from the PCRA Order October 11, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000768-1993

BEFORE:  SHOGAN, J., RANSOM, J., and MUSMANNO, J.

JUDGMENT ORDER BY RANSOM, J.:                **FILED JULY 26, 2017**

Appellant, Ricardo Gates, appeals from the order entered October 11, 2016, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In October 1993, a jury convicted Appellant of aggravated assault, recklessly endangering another person, and carrying a firearm without a license.[1]  On May 12, 1994, Appellant received an aggregate sentence of one hundred two to two hundred forty months of incarceration.  He timely appealed, and his judgment of sentence was affirmed.  **See Commonwealth v. Gates**, 657 A.2d 49 (Pa. Super. 1994).  Appellant did not pursue review in the Pennsylvania Supreme Court.

_____

[1] **See** 18 Pa.C.S. §§ 2702(a)(1), 2705, and 6106(a), respectively.

On March 10, 2016, Appellant *pro se* untimely filed a petition seeking PCRA relief.[2] Counsel was appointed to represent Appellant and filed a *Turner/Finley* letter.[3] The PCRA court gave Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed within twenty days, and granted counsel's petition to withdraw. Appellant filed a response to the court's notice. On October 11, 2016, the court formally dismissed Appellant's petition.

Appellant timely appealed. On November 7, 2016, the PCRA court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Accordingly, Appellant's statement was due November 28, 2016.

On December 9, 2016, the court issued a memorandum statement finding Appellant's issues waived for purposes of appeal due to his failure to file a concise statement. *See* Memorandum Statement, 12/9/16 (citing in support *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (holding that issues not raised in a Rule 1925(b) statement are waived)). That same day, the court received from Appellant a statement of errors complained of on

_____

[2] Appellant's judgment of sentence became final on January 22, 1995, at the expiration of his thirty days to petition for allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Appellant's current petition, filed March 2016, is almost twenty one years late.
[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998).

appeal, which Appellant had dated December 2, 2016. The statement requested the court accept Appellant's late filing due to holidays, lockdowns, and library closures.

Where a trial court orders an appellant to file a Pa.R.A.P. 1925(b) statement, the appellant must comply in a timely manner. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005). Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal. ***Id.***; ***see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014).

Further, a *pro se* prisoner's petition for review must be considered filed for purposes of Pa.R.A.P. 903 when the appeal is deposited with prison officials or placed in the prison mailbox. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997); ***see also Smith v. Pennsylvania Board of Probation and Parole***, 683 A.2d 278, 279-281 (Pa. 1996). Here, Appellant's statement was dated December 2, 2016, four days after the expiration of his time to file his concise statement. Accordingly, Appellant does not qualify for the mailbox rule exception.

Due to Appellant's failure to timely submit a Rule 1925(b) statement, we conclude that any issues he wished to raise have been waived.[4] ***See Castillo***, 888 A.2d at 780.

---

[4] Additionally we note that even had we not found Appellant's issues waived for purposes of appeal, he is not entitled to PCRA relief. This Court does not
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2017

*(Footnote Continued)* ————————————

have jurisdiction to review the dismissal of an untimely PCRA unless the petitioner pleads and proves a timeliness exception. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007).

Appellant attempts to circumvent the time bar by pleading that he is entitled to a constitutional right which has been held to apply retroactively, namely, because he was sentenced under a mandatory minimum statute. ***See*** Appellant's Brief at 7-12. He avers that the decision in ***Alleyne v. United States***, 135 S. Ct. 1251 (2013), should be applied retroactively. ***Id.***

However, the Pennsylvania Supreme Court has determined that the rule announced in ***Alleyne*** was neither a substantive nor a "watershed" procedural rule and, therefore, did not apply retroactively to cases pending on collateral review. ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016), ***see also Commonwealth v. Riggle***, 119 A.3d 1058, 1064-67 (Pa. Super. 2015) (same). Accordingly, we decline to reach the merits of his claims. ***Bennett***, 930 A.2d at 1267.